UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ELIZABETH MARTIN,<br><br>       Plaintiff,<br>vs.<br><br>DIVERSIFIED CONSULTANTS, INC.<br><br>       Defendant. | **COMPLAINT** |

## INTRODUCTION

1. This action arises out of the Defendant's repeated violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

## JURISDICTION

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and pursuant to 47 U.S.C. § 227 and 15 U.S.C. § 1692.

4. Venue is proper in this District because the acts and transactions occurred here, the Plaintiff resides here, and the Defendant transacts business here.

## PARTIES

5. Elizabeth Martin ("Plaintiff") is a natural person who resides in Independence, Missouri.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

8. Diversified Consultants, Inc. ("DCI") is a foreign corporation that regularly transacts business in the state of Missouri.

9. Upon information and belief, DCI's principal business is the collection of consumer debt.

10. DCI is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11. Within four years of filing this Complaint, DCI repeatedly contacted Plaintiff on her cellular telephone at (816) 875-3656.

12. DCI was contacting Plaintiff to collect an allegedly outstanding debt.

13. The debt at issue, namely a cell phone bill from AT&T Wireless, was incurred primarily for personal, family, or household services and is therefore a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

### TCPA Violations

14. At all times relevant to this Complaint, DCI used, controlled, and operated "automatic telephone dialing system(s)" as defined by the TCPA, 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

15. At all times relevant to this Complaint, DCI used, controlled and utilized "artificial or prerecorded voice messages" as defined by the TCPA, 47 U.S.C. § 227(a)(1).

16. DCI repeatedly initiated calls to Plaintiff using an automatic telephone dialing system.

17. Upon information and belief, these calls came from a variety of numbers, including but not limited to (816) 759-8318, (816) 545-9120, (816)-759-8347, and (816) 569-9467.

18. Within these calls to Plaintiff, DCI utilized pre-recorded messages.

19. Plaintiff will testify that upon answering several of these calls, she would hear a prerecorded message and was not immediately connected to a live person.

20. DCI did not have Plaintiff's prior express consent to call her cellular telephone number.

21. Furthermore, Plaintiff repeatedly informed representatives of DCI, including multiple supervisors, that she wanted the calls to her cellular phone to stop.

22. DCI should have discontinued future calls after being informed by Plaintiff that she desired the calls to stop.

23. Instead, DCI continued to call Plaintiff daily notwithstanding her requests that the calls cease.

24. Pursuant to the TCPA, calls to a cellular phone that are initiated with an automatic telephone dialing system, or that utilize prerecorded messages, are prohibited unless the caller has the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A).

25. DCI's repeated calls to Plaintiff's cell phone were unlawful communications in violation of the TCPA.

26. DCI's repeated calls to Plaintiff's cell phone were unlawful invasions of Plaintiff's right to privacy.

27. Furthermore, DCI's failure to cease contacting Plaintiff after being requested to do so constituted willful violations of the TCPA, entitling Plaintiff to treble damages.

## FDCPA Violations

28. Plaintiff has repeatedly requested that DCI stop contacting her directly and to instead contact her attorney.

29. Notwithstanding, DCI has continued to contact Plaintiff directly.

30. The FDCPA states, "a debt collector may not engage in any conduct where the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." *See* 15 U.S.C. § 1692d.

31. Additionally, the FDCPA prohibits debt collectors from communicating with consumers after receiving notice that the consumer is represented by an attorney. *See* 15 U.S.C. § 1692c(a)(2).

32. DCI knew or should have known that its calling practices were harassing Plaintiff.

33. Furthermore, DCI knew or should have known that its contact of Plaintiff was prohibited by the FDCPA.

34. As a result of DCI's calling practices, Plaintiff has suffered actual damages in the form of emotional distress, anger, anxiety, fear, frustration, among other negative emotions, as well as suffering from unjustified and abusive invasions of his personal privacy.

35. DCI's conduct constituted multiple violations of the FDCPA and entitles Plaintiff to the recovery of his actual damages, statutory damages, attorney's fees and costs as provided under the FDCPA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against DCI as follows:

### **COUNT I.**

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227

- For an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against DCI and for Plaintiff;

- For an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3) against DCI and for Plaintiff;

- For such other and further relief as may be just and proper.

## COUNT II.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

- For such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Respectfully submitted,

CREDIT LAW CENTER

By: **s/Andrew M. Esselman**
Andrew M. Esselman
MO BAR # 64837
4041 NE Lakewood Way, Suite 200
Lee's Summit, MO 64064
Tele: (816) 246-7800
Fax: (855) 523-6884
andrewe@creditlawcenter.com
**Attorney for Plaintiff**